IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER SINCLAIR, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1514 |
| | : | |
| RONALD RADIO, | : | |
|     Defendant. | : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                                                                                   JUNE 21, 2024

Plaintiff Peter Sinclair, an unrepresented litigant, filed a Complaint alleging a violation of his civil rights. Currently before the Court are Sinclair's Complaint ("Compl." (ECF No. 2)), his second Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6),[1] and his Emergency Motion for Order (ECF No. 8.) He asserts claims against Ronald Radio based on Radio's alleged refusal to allow Sinclair access to his deceased sister's real property and related conduct. For the following reasons, the Court will grant Sinclair leave to proceed *in forma pauperis*, dismiss with prejudice his constitutional claims, and dismiss without prejudice Sinclair's state law claims and any claims Sinclair seeks to assert on behalf of his sister's Estate. Sinclair will not be granted leave to amend since any attempt at amendment would be futile. Sinclair's Emergency Motion for Order, which requests injunctive relief, will be denied.

---

[1] Sinclair's first Motion for Leave to Proceed *In Forma Pauperis* was denied without prejudice because it did not contain sufficient financial information to permit the Court to determine whether Sinclair was eligible to proceed *in forma pauperis*. (*See* ECF No. 5.) Sinclair filed a second Motion that cures the deficiencies in his first Motion. (*See* ECF No. 6.)

I.  **FACTUAL ALLEGATIONS**[2]

The allegations in the Complaint are brief.  Sinclair alleges that the events giving rise to his claims began on April 23, 2023 when his sister, Donna Radio, died. (Compl. at 4.)  He alleges that since her death, Defendant Ronald Radio has locked him out of his sister's "Estate",[3] threatened him with arrest, issued threats over the internet, and made untrue statements to (unidentified) courts. (*Id*.)  Sinclair alleges that he has invested 50 years of time and money in his late sister's property, while Radio has invested none. (*Id*.)  He also alleges that he cared for the Estate, his sister, and his parents over an unidentified period of time. (*Id*. at 5.)

Sinclair asserts that Radio's actions have violated his civil rights, and will place the Estate in distress, thereby adversely affecting the welfare of the Estate, Sinclair, and his family. (*Id*. at 4, 5.)  He asserts that he has suffered emotional and financial distress because of his efforts to defend the Estate. (*Id*. at 5.)  He requests immediate access to his late sister's property, the return of unidentified property from the Estate, and the Court's assistance in stopping Radio's threats against him. (*Id*.)  He also requests money damages in excess of $20,000. (*Id*.)  In his Emergency Motion, Sinclair requests an Order granting him immediate access to the real property located at 4450 Schiedys Road in Coplay. (ECF No. 8.)

II. **STANDARD OF REVIEW**

The Court will grant Sinclair leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

---

[2] The allegations set forth in this Memorandum are taken from Sinclair's Complaint. (ECF No. 2.)  The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] The Court understands Sinclair's use of the word "Estate" to refer to the late Donna Radio's real property located at 4450 Schiedys Road in Coplay, Pennsylvania, rather than a decedent's estate administered under state law.

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Sinclair is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Additionally, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Case 5:24-cv-01514-JMG   Document 9   Filed 06/21/24   Page 4 of 9

IV.    **DISCUSSION**

    A.    **Claims on Behalf of Estate**

In his Complaint, Sinclair alleges that he has "taken care of" his sister's Estate, that he has been "trying to defend the Estate," and suggests that he seeks to prevent Radio from placing the Estate "in distress." (Compl. at 4, 5.) Although the Court understands Sinclair to be referring to the late Donna Radio's real property when he uses the word "Estate," it is possible that Sinclair is attempting to assert a claim on behalf of his sister's Estate as that word is understood in the context of inheritance law. To the extent that this is Sinclair's intent, he cannot do so. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008)

4

(holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).

One such context is that of the representation of an estate. The Court notes that Sinclair does not allege that he is the executor for his late sister's Estate, or that he is an attorney. (*See* Compl.) It is highly questionable that an executor of an estate who is not an attorney may file suit on behalf of an estate. *See, e.g., In re Olick*, 571 F. App'x 103, 106 (3d Cir. 2014) (citing *Rowland*, 506 U.S. at 201–02) (other citation omitted) (finding that a *pro se* trustee may not represent the trust in federal court because he is not an attorney and without counsel the trust may not appear in federal court). Additionally, Sinclair does not allege that he is the sole beneficiary of his late sister's Estate and does not allege that there are no creditors of the Estate. *Caputo v. Forceno*, No. 15-1911, 2015 WL 2089401, at *2 (E.D. Pa. May 5, 2015) ("Federal courts generally will only permit a non-attorney to proceed *pro se* in her capacity as the administratrix of an estate when she is the sole beneficiary and the estate has no creditors.")). *See also Mosley v. Green*, No. 23-1665, 2023 WL 4935001, at *3-4 (E.D. Pa. Aug. 2, 2023) (claims brought by non-attorney *pro se* litigant as representative of estates were dismissed without prejudice where litigant did not allege he was named administrator of the estates or that was the sole heir of the individuals); *Estate of Twardy v. Lakes of Larchmont Condo Ass'n*, No. 15-6501, 2016 WL 2901664, at *1 (D.N.J. May 18, 2016) (*pro se* plaintiff purporting to represent a decedent's estate must demonstrate that the estate has no other beneficiaries or creditors) (citing *Johnson v. Marberry*, 549 F. App'x 73, 75 (3d Cir. 2013) (*per curiam*) (*pro se* litigant could not prosecute claims on behalf of estate/heirs). Because Sinclair has failed to

allege that his sister's estate has no other beneficiaries or creditors, he may not represent her estate, and any claims asserted on behalf of the estate will be dismissed without prejudice.

### B. Sinclair's Claims on his own Behalf

Sinclair invokes federal question jurisdiction and asserts that his civil rights have been violated. (Compl. at 2, 3.) The Court liberally construes Sinclair's Complaint as asserting constitutional claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims can be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In his Complaint, Sinclair alleges that Radio has locked him out of his late sister's Estate, threatened him with arrest, made threats over the internet, and made untrue statement to unidentified courts. (Compl. at 4.) Sinclair does not allege that Radio was acting under color of state law, and none of the allegations in the Complaint suggest that he was. Whether a defendant is acting under color of state law — *i.e.,* whether the defendant is a state actor —depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and

alteration omitted). Sinclair makes one reference to Radio making false statement to the courts, (*see* Compl. at 4), but the broad allegation does not suggest that Radio was acting with the help of the court, or that the court had insinuated itself into a position of interdependence with Radio with respect to access to Sinclair's late sister's Estate. Because Sinclair has failed to allege plausibly that Radio was acting under color of state law, the federal constitutional claims must be dismissed with prejudice pursuant to § 1915(e)(2)(B).[4]

### C.  State Law Claims

Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims Sinclair may seek to assert. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's

---

[4] The Court notes that even if Radio could be deemed a state actor, the conduct complained of – blocking access to real property, threats, and lies – does not appear to implicate a right secured by the Constitution and laws of the United States, and thus cannot plausibly support a federal question claim.

7

burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Sinclair does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and Radio, which suggests that they may both be Pennsylvania citizens. Accordingly, Sinclair has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

Additionally, it is not clear from the Complaint that Sinclair has satisfied the amount in controversy requirement. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also* 28 U.S.C. § 1446 ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Sinclair requests money damages in excess of $20,000, together with attorneys fees. (Compl. at 5.) This is far less than the $75,000 minimum set forth in 28 U.S.C. § 1332(a). Moreover, it appears from the Complaint that he primarily seeks access to his late sister's real property and cessation of Radio's threats. (*See* Compl. at 5.) In these circumstances, Sinclair has not satisfied the amount in controversy requirement and thus has not established a basis for the Court's exercise of

jurisdiction over any state law claim he seeks to pursue. These claims will be dismissed without prejudice for lack of subject matter jurisdiction.

### D. Emergency Requests for Injunctive Relief

Sinclair also seeks emergency relief in the form of an Order (1) granting him access to his late sister's real property and return of unidentified property from the Estate, and (2) requiring Radio to cease threatening him. (ECF No. 8; *see also* Compl. at 5.) Because the Court has determined that no basis exists for the exercise of jurisdiction over Sinclair's claims in this case, these requests for relief will be denied.[5]

## IV. CONCLUSION

For the reasons stated, the Court will grant Sinclair leave to proceed *in forma pauperis*, dismiss with prejudice his constitutional claims, and dismiss without prejudice Sinclair's state law claims and any claims Sinclair seeks to assert on behalf of his sister's Estate. Sinclair will not be granted leave to amend as to do so would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Sinclair's Emergency Motion for Order, which requests injunctive relief, will be denied.

An appropriate order follows, which shall be docketed separately.

<div style="text-align:right">
BY THE COURT:

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**
</div>

---

[5] Sinclair provides minimal facts in his Complaint, but it appears that his claims arise from the management of his late sister's real property and perhaps other aspects of her Estate. Under Pennsylvania law, the Orphans' Court Division of the Court of Common Pleas exercises exclusive jurisdiction over matters involving "[t]he administration and distribution of the real and personal property of decedents' estates." 20 Pa. Stats. and Cons. Stats § 711(1).